OPINION OF THE COURT
David B. Saxe, J.
Defendant Swissair has brought this motion to dismiss the complaint based upon the plaintiff’s failure to diligently prosecute this action.
Plaintiff opposes this motion contending that CPLR 3216 has not been complied with, viz., that Swissair never properly served it with a written 90-day demand for the resumption of prosecution of the action. (CPLR 3216, subd [b], par [3].) A similar notice was served some time ago by a codefendant, Chubb & Son, Inc., but that motion was withdrawn when Chubb & Son, Inc., and the plaintiff settled their dispute and Chubb was discontinued from the action.
The unambiguous language of CPLR 3216 requires a separate CPLR 3216 notice by Swissair. It cannot rely on the notice previously served by Chubb & Son because CPLR 3216 (subd [b], par [3]), in pertinent part, states: “(3) The court or party seeking such relief * * * shall have served a written demand”. (Emphasis added.)
Swissair is “the party seeking such relief” here. Therefore, it must serve a separate notice under the terms of CPLR 3216 (subd [b], par [3]).
*1030 Nor is this court persuaded by Swissair’s argument that CPLR 3216 is not applicable because it is not a “party who may be liable to a separate judgment” (CPLR 3216, subd [a]) and, therefore, no notice is necessary because this is simply a common-law motion to dismiss not controlled by statute. This court is of the opinion that CPLR 3216 is applicable to this case and that defendant has failed to follow the procedure set forth therein.
Accordingly, defendant’s motion is denied without prejudice to renew after the prerequisites of the CPLR have been followed.